IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

LERON ARMSTEAD, )
)
      Plaintiff, )
)
v. ) CV 112-172
)
FNU BLANT, Correctional Officer II )
(Ex. Sergeant), et al., )
)
      Defendants. )

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed.[1] In the R&R, the Magistrate Judge recommended dismissing Plaintiff's complaint because he had failed to exhaust his administrative remedies. Specifically, the Magistrate Judge found that Plaintiff had not utilized all steps in the grievance procedure before commencing this case, including appealing any adverse decisions to the highest level possible. (Doc. no. 7, pp. 3-4.) The Magistrate Judge also noted that Plaintiff dated his complaint November 1, 2012, less than one month after the incident that formed the basis of his complaint. (Id. at 2, 5.)

In his objections, Plaintiff asserts that he filed a formal grievance on October 25, 2012, and that he received an initial response from the Warden on November 5, 2012, stating that the grievance was being forwarded to "internal investigations" for review. (Doc. no. 9, pp. 1-2.) Thus, Plaintiff states that he did not appeal before filing his complaint because his formal grievance had not yet been denied. As the Magistrate Judge noted in the R&R, however,

---

[1] Plaintiff submitted two letters in response to the R&R, one to the Clerk of Court and the other to the Magistrate Judge, which the Court liberally construes as objections. (Doc. no. 9.)

because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure *before* initiating this suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).[2]

Here, the Magistrate Judge correctly concluded that it was apparent from Plaintiff's original complaint that he had not completed the administrative process. With his objections, Plaintiff has only made that lack of exhaustion more plain, by stating that he filed his complaint on November 1, 2012, four days *before* he received an initial response to his formal grievance from the Warden.[3] Plaintiff has therefore provided no basis for departing from the Magistrate Judge's conclusion that Plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a), and his objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this case is **DISMISSED** without prejudice for failure to exhaust administrative remedies, and this civil action shall be **CLOSED**.

SO ORDERED this 24th day of January, 2013, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999).

[3]Indeed, Plaintiff states in his objections that he has still not received a final response to his formal grievance, let alone appealed that response to the highest level possible, the Office of the Commissioner. (See doc. no. 9.)